IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| **FERDINAND F. NELSON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | Case No. 6:25-cv-03353-MDH |
| | ) | |
| **FEDERAL BUREAU OF INVESTIGATION,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## ORDER

Before the Court is Defendant Federal Bureau of Investigation's ("FBI") Motion to Substitute Party and Motion to Dismiss for Failure to State a Claim. (Doc. 4). Plaintiff has failed to file Suggestions in Opposition and the time to do so has elapsed. The motion is now ripe for adjudication on the merits. For the reasons stated herein, Defendant's Motion to Substitute Party is **GRANTED** and Motion to Dismiss for Failure to State a Claim is also **GRANTED**.

## BACKGROUND

This case arises from a Petition in small claims court in the Circuit Court of Greene County, Missouri. *Pro Se* Plaintiff Ferdinand F. Nelson is a resident of Springfield, Missouri. Defendant FBI is an agency within the Department of Justice – a cabinet-level department of the Executive Branch of the United States Government.

On October 10, 2025, Plaintiff filed a Petition in Small Claims Court in the Circuit Court of Greene County, Missouri. Plaintiff's full Petition alleges:

> Around Jan. Feb. 2025 I called the FBI telling them a device implant[ed] inside my body that makes me feel pain all over my body. I wanted the FBI to investigate who these people are because I still have pain and now a blood clot in my lungs. These people are controlling the pain in my body by the Device. Award for health problems.

1

(Doc. 1-1). Plaintiff seeks damages from the FBI of at least $5,000.00. *Id.*

Defendant brings its current motion arguing that this is a case pursuant to the Federal Torts Claims Act ("FTCA") and thus the proper party to this litigation is the United States Government, rather than the FBI. Defendant also asks this Court to dismiss Plaintiff's Complaint without prejudice as Plaintiff has failed to exhaust his administrative remedies, which is a prerequisite to filing a claim under the FTCA. The Court will take each argument in turn.

## STANDARD OF REVIEW

### I. Motion to Substitute

28 U.S.C. § 2679 governs the exclusiveness of remedy regarding a claim brought under the FTCA. Specifically, 28 U.S.C. § 2679(d)(2) articulates who is proper party to the litigation and when a motion to substitute is appropriate. It states:

> Upon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose, any civil action or proceeding commenced upon such claim in a State court shall be removed without bond at any time before trial by the Attorney General to the district court of the United States for the district and division embracing the place in which the action or proceeding is pending. Such action or proceeding shall be deemed to be an action or proceeding brought against the United States under the provisions of this title and all references thereto, and the United States shall be substituted as the party defendant. This certification of the Attorney General shall conclusively establish scope of office or employment for purposes of removal.

### II. Motion to Dismiss

A complaint must contain factual allegations that, when accepted as true, are sufficient to state a claim of relief that is plausible on its face. *Zutz v. Nelson*, 601 F.3d 842, 848 (8th Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). The Court "must accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party." *Coons v. Mineta*, 410 F.3d 1036, 1039 (8th Cir. 2005) (internal citations omitted). The

complaint's factual allegations must be sufficient to "raise a right to relief above the speculative level," and the motion to dismiss must be granted if the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 545 (2007). Further, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

## ANALYSIS

### I.   Motion to Substitute

Defendant argues that Plaintiff's Complaint is arguably seeking to assert a state law tort claim against the FBI as well as possibly a claim for writ of mandamus. Defendant argues that Plaintiff's state law tort claim must be brought, if at all, under the FTCA. Further, Defendant argues that under the FTCA, the only proper party is the United States of America.

In review of Plaintiff's Complaint, the Court agrees with Defendant. Liberally construing Plaintiff's Complaint it appears that the cause of action he is attempting to assert is a state law tort claim of negligence against Defendant for failure to investigate. Pursuant to 28 U.S.C. § 2679(d)(2) the proper party in this case would be the United States of America rather than the FBI. As the requirements of 28 U.S.C. § 2679(d)(2) have been satisfied in this case, the Court will grant Defendant's Motion for Substitution.[1] For the reasons stated, Defendant's Motion for Substitution is **GRANTED**.

---

[1] In Defendant's Notice of Removal, R. Matthew Price, the United States Attorney for the Western District of Missouri has certified that the FBI and any of its employees who interacted with Plaintiff, at all times material to the allegations set out in the State Court Action, were acting within the scope of their duties as employees of the FBI and, accordingly,

**II.     Motion to Dismiss for Failure to State a Claim**

Defendant next argues that a well-settled aspect of FTCA jurisprudence is a requirement that claimants timely file written administrative claims with the federal agency employing the person whose act or omission caused the alleged injury. Defendant argues that Plaintiff has not filed any written administrative tort claim with the FBI. As a result, Defendants assert that Plaintiff fails to state a cognizable FTCA cause against the United States.

The text of the FTCA unambiguously commands that a plaintiff must administratively exhaust her remedies before filing suit in federal court. *King v. United States*, 3 F.4th 996, 999 (8th Cir. 2021); *See McNeil v. United States*, 508 U.S. 106, 111, 113 S.Ct. 1980, 124 L.Ed.2d 21 (1993); 28 U.S.C. § 2675(a) ("An action shall not be instituted upon a claim ... unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing ...."). This presentment requirement, along with agencies' broad settlement authority, *see Mader v. United States*, 654 F.3d 794, 797 (8th Cir. 2011) (en banc), encourages the prompt consideration and settlement of meritorious FTCA claims without "expensive and time-consuming litigation." *McNeil*, 508 U.S. at 112 n.7, 113 S.Ct. 1980 (quoting S. Rep. No. 89-1327, at 3 (1966)). Furthermore, the Eighth Circuit has recognized that presentment "is a jurisdictional prerequisite to filing an FTCA action in federal court." *King v. United States*, 3 F.4th 996, 999 (8th Cir. 2021) (quoting *Rollo-Carlson ex rel. Flackus-Carlson v. United States*, 971 F.3d 768, 770 (8th Cir. 2020)); *see also Mader*, 654 F.3d at 802, 808 (affirming dismissal for

---

are deemed by the United States to be "employees of the government" who were "acting within the scope of [their] office or employment" for purposes of 28 U.S.C. § 2679 and other provisions of the Federal Tort Claims Act, 28 U.S.C. §§ 1346 et seq. (Doc. 1, page 2).

lack of subject-matter jurisdiction where plaintiff failed to administratively exhaust her FTCA claim).

Here, Plaintiff has failed to show that he has exhausted his administrative remedies as mandated by the FTCA. As such, Plaintiff has failed to raise a right to relief above a speculative level. For the reasons stated, Defendant's Motion to Dismiss for Failure to State a Claim is **GRANTED**.

## CONCLUSION

For the reasons stated, Defendant's Motion to Substitute is **GRANTED** and Defendant's Motion to Dismiss for Failure to State a Claim is **GRANTED**. This case is hereby dismissed without prejudice for failure to state a claim upon which relief can be granted.

**IT IS SO ORDERED**.

DATED: February 4, 2026

                                              */s/ Douglas Harpool*
                                              **DOUGLAS HARPOOL**
                                              **UNITED STATES DISTRICT JUDGE**